IN THE UNITED STATES DISTRICT COURT

FOR THE Eastern DISTRICT OF Arkansas

8th DIVISION

April Howell,
Petitioner,

v.

Case No.: 4:17-CR-00293-BSM-21

UNITED STATES OF AMERICA,
Respondent.

FILED
U.S. DISTRICT COURT
EASTERN DISTRICT ARKANSAS
NOV 06 2023
TAMMY H. DOWNS, CLERK
By:_____ DEP CLERK

**MOTION FOR REDUCTION OF SENTENCE PURSUANT TO 18 USC 3582 (C)(2)
IN LIGHT OF RETROACTIVE EFFECT OF AMENDMENT CRIMINAL HISTORY "STATUS" POINTS**

Come Now, April Howell, proceeding pro-se, files this instant motion for a reduction of sentence pursua to 18 USC 3582 (c)(2) in light of retroactive effect of amendment criminal history "status" points. Petitioner humbly comes before this Court, respectfully requesting retroactive application of Amendment criminal history "status" points, as she qualifie under the Application Note 4A1.1. In support thereof, she states:

On, 9-14-2022, petitioner was sentence to a term of 198 months, followed by a 5 years of supervise release. Petitioner was convicted of violating federal statutes: 18:1962  21:846 & 841
Conspiracy to Violate Rico Act, Conspiracy and distribution of methamphetamine.

The United States Sentencing Commission, agreed to the retroactive application of Amendment of criminal history points, subject to a special instructions. The criminal history points revised the sentencing guideline table for cases in which "status" points are applied. Once the reduction of "status" points are applied, it will reduced petitioner's sentence by 1-2 levels commentary to 4A1.1.

The proposed Amendment also provides a new application note clarifying that this special instruction does not preclude the Court from conducting sentence reduction proceedings and entering orders, before November 1, 2023, provided that any Ord reducing the defendant's term of imprisonment has an effective date of November 1, 2023, or later.

Option 1: would add a downward departure provision in Application Note 4 of the Commentary to 4A1.1 cases in which "statu points are applied.

Option 2: would reduce that impact of "status" points overall, by decreasing the criminal history points added under 4A1.1(d) from two points to one point. It would also add a departure provision in Application Note 4 of the Commentary to 4A1.1 that could result in either an upward departure or a downward departure, depending on the circumstances.

Option 3: would eliminate the "status" points provided in 4A1.1(d). It would also make conforming changes to 2P1.1 (Escape, Instigating or Assisting Escape) and 4A1.2 to reflect the removal of "status" points from the Guidelines Manual. In addition, Option 3 would amend the Commentary to 4A1.3 (Departures Based on Inadequate of Criminal History Category (Policy Statement) to provide an example of an instance in which an upward departure from the defendant's criminal history may be warranted.

The Petitioner's previously charges and points are as followed:

Charges: Theft of property          Points: 1
Charges: Intimidation of Witness    Points: 3
Charges: _____    Points: ___
Charges: _____    Points: ___
Charges: _____    Points: ___
Charges: _____    Points: ___

Without these points listed above, Petitioner would have 32 points and will be in I category, which will reduce petitioner's sentence to 121-151 months imprisonment.

Under the discretion of the Honorable Judge, the Court makes two determinations in deciding whether or not to modify a sentence under 18 USC 3582 (c)(2). First, what sentence would have been imposed had the retroactive Amendment been in effect at the time the defendant was sentence. Second, leaving untouched all other previous factual decisions concerning particularized sentencing factors, what sentence it would have imposed had the new sentencing range been the range at the time of the original sentencing. See U.S. vs. Wyatt, 115 F.3d 606, 609 (8th Cir. 1997)

In the case of the petitioner, under the factors set forth in 3553(a), petitioner's low level role in the underlying offense, does not pose any threat to public safety. Petitioner's case was not one of a violent nature.

When one questions the court on whether, if this amendment would have been in effect at the time of the petitioner's sentencing, would this Court have sentenced Ms. Howell, under the new sentencing guidelines, when one looks to the factors stipulated by the Sentencing Commission, the answer would be yes.

Throughout her incarceration, Ms. Howell has adhere to the rules and regulations of the facility. She has no or little infractions of any disciplinary actions. Since her arrival in the prison, she has completed several ACE, FSA, REC, and RRP classes as much as possible. She is also on many waiting list to be enrolled and participant in classes. She is more than willing to participant in any class that will benefit her. Knowledge is the key to prevent recidivism, as she is well aware.

Wherefore, the petitioner, Ms. Howell, humbly request of this Court, for criminal history "status" reduction which would reduce petitioner's sentence by 4 points, and make her sentence in to be in I category, which is now 121-151 months, pursuant to 18 USC 3582 (c)(2), in light of amendment criminal history "status" points, is granted, as she meets the qualifying criteria.

Respectfully Submitted,

*April Howell*                    Date: 10/31/23

PRO SE REPRESENTATION
FCI ALICEVILLE
PO BOX 4000
Aliceville, AL 35442

CERTIFICATE OF SERVICE
_____

I, April Howell, hereby declare under the penalty and perjury, that the hereto motion is true and correct to the best of her knowledge and was placed in the prison mailbox in FCI Aliceville, on Oct. 31, 2023, and mailed to the District Court.

*April Hwn*                       Date: 10/31/23

PRO SE REPRESENTATION